UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

City of New York and the Central Park Conservancy, Inc.

        Plaintiffs,

–v–

Travelers Property Casualty Co. of America,

        Defendant.

19-cv-2125 (AJN)

MEMORANDUM & ORDER

---

City of New York,

        Plaintiff,

–v–

Travelers Indemnity Co.,

        Defendant.

19-cv-2746 (AJN)

MEMORANDUM & ORDER

---

City of New York,

        Plaintiff,

–v–

Travelers Indemnity Co.,

        Defendant.

19-cv-4083 (AJN)

MEMORANDUM & ORDER

---

ALISON J. NATHAN, District Judge:

    The City of New York and, in one case, the Central Park Conservatory have brought

these three, related insurance declaratory judgment actions against either Travelers Property Casualty Company of America or Travelers Indemnity Company. In a filing styled as a motion for judgment on the pleadings, Defendants dispute the Court's subject matter jurisdiction over these actions. For the following reasons, the Court DISMISSES the complaints in all three actions without prejudice but with leave to amend.

## I. BACKGROUND

On March 7, 2019, Plaintiffs filed the first of these three actions, 19-cv-2125, seeking a declaratory judgment that Defendant Travelers Property Casualty Company of America has a duty to defend Plaintiff in a tort action currently pending in New York Supreme Court. Plaintiff City of New York subsequently filed two additional declaratory judgment actions against a different Travelers entity, the Travelers Indemnity Company. The first of these two actions, 19-cv-2746, initially sought a declaratory judgment that Defendant has a duty to defend the City in five state tort actions, while the second, 19-cv-4083, seeks the same relief for just one state tort action. The Court agreed to treat the three cases as related for case management purposes. After these cases were filed, Defendant Travelers Indemnity Company agreed to defend the City in three of five lawsuits that are the subject of 19-cv-2746. The parties stipulated to engage in very limited discovery and proceed to cross-motions for summary judgment. However, after Plaintiffs filed their initial motion for summary judgment, Defendants filed a motion for judgment on the pleadings disputing subject matter jurisdiction.

## II. DISCUSSION

The asserted basis for subject matter jurisdiction in all three action is diversity under 28 U.S.C. § 1332(a). There are two requirements: that the parties be "citizens of different States" and that the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs." *Id.* In this case, only the amount in controversy requirement is in dispute. Plaintiffs, as the proponents of jurisdiction bear "the burden of proving that it appears to a reasonable probability that" the amount in controversy for each action "is in excess of the statutory jurisdictional amount." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (quotation omitted).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Correspondent Servs. Corp. v. First Equities Corp.*, 442 F.3d 767, 769 (2d Cir. 2006) (per curiam) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Plaintiffs' complaints seek a declaration that Defendants have a duty to defend them in the state tort actions plus reimbursement for defense costs already incurred in those actions. However, Plaintiffs' complaints do not allege that the value of the defenses themselves meet the amount-in-controversy requirement, nor do they so argue in their briefing. Instead, they contend that the value of the potential indemnities should be counted towards the amount in controversy, even though the complaints do not seek declarations of a duty to indemnify. Plaintiffs reason that if the Court finds that there is no duty to defend, the determination of the legal issues made to reach that outcome would also lead to the conclusion that there is no duty to indemnify either. In Plaintiffs' view, this puts the indemnity in controversy, even if the duty to indemnify claims are never directly decided as they are not in the complaints.

The flaw in Plaintiffs argument is that any possible effect on the duty to indemnify from adjudicating the duty to defend would derive from collateral estoppel. It is true that the amount in controversy in a declaratory judgment is calculated from "the value of the consequences which may result from the litigation." *Beacon Constr. Co. v. Matco Electric Co.*, 521 F.2d 392, 399

(2d Cir. 1975). However, "[i]t is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur." *New England Mortg. Sec. Co. v. Gay*, 145 U.S. 123, 130 (1892). Thus, "whatever the collateral effects a decree or judgment might have by virtue of stare decisis, collateral estoppel, or any other impact on the rights or interests of third parties, those consequences cannot be taken into account in calculating the amount in controversy." 14AA Charles A. Wright et al., *Federal Practice and Procedure* § 3702.5 (4th ed. 2019); *see Healy v. Ratta*, 292 U.S. 263, 267 (1934); *Washington & G. R. Co. v. District of Columbia*, 146 U.S. 227, 232 (1892); *New Jersey Zinc Co. v. Trotter*, 108 U.S. 564, 565 (1883); *Town of Elgin v. Marshall*, 106 U.S. 578, 579-80 (1882). For example, in suits by disability insurance claimants regarding denial of claims, only the amount of unpaid benefits that are alleged to have accrued at the time of filing determine the amount in controversy, even in declaratory actions. *See Robinson v. Berkshire Life Ins. Co. of Am.*, Case No. 18-cv-7689, 2019 WL 1614831, at *3 (S.D.N.Y. Apr. 16, 2019); *Conzo v. SMA Life Assur. Co.*, Case No. 01-cv-11243, 2003 WL 21018823, at *2 (S.D.N.Y. May 6, 2003); *Berlly v. U.S. Life Ins. Co.*, Case No. 00-cv-1999, 2001 WL 40771, at *2 (S.D.N.Y. Jan. 16, 2001); 14AA Charles A. Wright et al., *Federal Practice and Procedure* §§ 3708, 3710 (4th ed. 2019).

The complaints do not ask the Court to adjudicate the duty to indemnify, only the duty to defend. Any effect on the duty to indemnify would come through collateral estoppel. Therefore, the potential indemnity may not be included in the amount in controversy.

The authorities cited by Plaintiff are distinguishable. In Plaintiff's principal authority, *Meridian Sec. Ins. Co. v. Sadowski*, an insurance company brought suit seeking a declaration that

"it need not defend or indemnify its insured . . . against a claim pending in state court." 441 F.3d 536, 537 (7th Cir. 2006). The plaintiff in that case alleged that the amount in controversy requirement was met because the value of the potential indemnity exceeded $75,000. *Id.* The district court had dismissed the complaint for lack of subject matter jurisdiction because it had refused to consider the potential indemnity when assessing jurisdiction. It did so based on the "norm that a dispute about an insurer's duty to indemnify generally is not ripe for decision until the insured has been called on to pay." *Id.* at 758.

The Seventh Circuit reversed. Plaintiffs construe the court's opinion as rejecting the district court's belief that the value of an unripe claim cannot be counted towards the amount in controversy. But the Court reads the *Sadowski* opinion as disagreeing with the district court's ripeness analysis. It found that the "parties' disagreement about potential indemnity is part of a larger controversy that is neither conjectural nor speculative." *Id.* at 538-39. The court noted that since the plaintiff's legal theory on the duty to defend was identical to its theory on the duty to indemnify, there was no reason not to adjudicate both and give plaintiff the opportunity to "prevail[] on defense and indemnity at a stroke." *Id.* at 539. While the Seventh Circuit seemed to agree that litigation over the potential indemnity during the pendency of the underlying action was generally unripe, that was not the case for the plaintiff's particular indemnity claim. Unlike this case, *Sadowski* therefore did not involve an unadjudicated duty to indemnify claim.

Since the indemnity claim was ripe, the Seventh Circuit further found that it should count towards the amount in controversy. *Id. Sadowski*'s approach to ripeness is similar to the one taken by some courts in this District when deciding the ripeness and justiciability of duty to indemnify claims before the underlying action is resolved. *See, e.g., Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 261-62 (S.D.N.Y. 2013) (finding that a duty to

indemnify claim was ripe when "the determination that [the insurer] has no duty to indemnify [the insured] arises from the same determinations that conclude it has no duty to defend [the insured]."), *aff'd sub nom. Atl. Cas. Ins. Co. v. Greenwich Ins. Co.*, 548 F. App'x 716 (2d Cir. 2013). Here, the Court need not address the question of whether any duty to indemnify claims would be ripe because none are included in the complaints.

In support of their position, Plaintiffs point to *dicta* in *Sadowski* that stated "[m]any decisions in this and other circuits count the potential outlay for indemnity toward the amount in controversy, whether or not adjudication about indemnity should be deferred until the state case is over." 441 F.3d at 539. To the extent that the Seventh Circuit meant to suggest that the value of an unadjudicated claim regarding the indemnity can go towards the amount in controversy, it overstated the rule. Moreover, none of the Court of Appeals cases cited for this proposition by the *Sadowski* court and Plaintiffs actually counted an unripe, unadjudicated indemnity claim towards the amount in controversy. The Court therefore adheres to its conclusion that the value of the potential indemnities cannot be applied to the amount in controversy when only duty to defend claims are pleaded. Doing so would violate the rule against considering the collateral effect of a judgment when determining the amount in controversy.

Plaintiffs' complaints are dismissed without prejudice for lack of subject matter jurisdiction. The Court need not address Defendants' alternative argument that the first of these actions, 19-cv-2125, is moot. The Court also denies the pending summary judgment motion as moot. Given the minimal discovery completed in this case and the fact that Plaintiffs were not given an opportunity to amend their complaints in the face of Defendants' arguments, the Court will grant Plaintiffs leave to amend their complaints to try to remedy the jurisdictional defect.

### III. CONCLUSION

For the foregoing reasons, the Court DISMISSES without prejudice the complaints in each of these actions for lack of subject matter jurisdiction. It DENIES the pending summary judgment motion as moot. Within fourteen days of the date of this Memorandum and Order, Plaintiffs must either file amended complaints or notify the Court that they intend to discontinue these actions.

This order resolves Dkt. Nos. 22 and 27 in 19-cv-2125.

SO ORDERED.

Dated: January ___, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge